## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL ACTION NO. 4:05-CR-146- |
| § | SDJ-KPJ |
| SCOTT LANE PEARSON (1) § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Scott Lane Pearson's ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on July 30, 2021, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson of the Federal Public Defender's Office. The Government was represented by Lesley Brooks.

Defendant was sentenced on January 20, 2006, before The Honorable Paul N. Brown of the Eastern District of Texas after pleading guilty to the offense of Possession of a Firearm by an Unlawful User of a Controlled Substance, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of III, was 30 to 37 months. Defendant was subsequently sentenced to 5 months imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and substance abuse treatment and testing. On October 2, 2017, Defendant completed his period of imprisonment and began service of the supervision term. On March 20, 2020, this case was reassigned to The Honorable Sean D. Jordan, U.S. District Judge for the Eastern District of Texas.

On July 27, 2021, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 30, Sealed]. The Petition asserts that Defendant

violated four (4) conditions of supervision, as follows: (1) The defendant shall not commit another federal, state, or local crime; (2) The defendant shall refrain from any unlawful use of a controlled substance; (3) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; and (4) The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of U.S. Probation office, until such time as the defendant is released from the program by the probation officer [Dkt. 30 at 1-2, Sealed].

The Petition alleges that Defendant committed the following acts: (1) On June 29, 2021, a new case was filed against Defendant by the Dallas Police Department for Failure to Comply with Sex Offenders Duty to Register Life/90Day, a 2nd degree felony in violation of Texas Code of Criminal Procedure § 62.102(B)(3). According to the offense report, Defendant is required to update his registration every 90 days, but he has not reported to the Dallas Police Department since August 6, 2020. Additionally, he has not been living at his registered address of 6050 Melody Lane #235, Dallas, TX 75231; (2) (3) On March 2, 2020, Defendant reported to the U.S. Probation Office in the Southern District of Texas and admitted verbally and in writing that he had been using controlled substances. Specifically, he admitted to using methamphetamine and marijuana daily, and to using cocaine about three months prior. On June 23, 2020, Defendant submitted a urine sample which tested positive for methamphetamine and marijuana. The sample was forwarded to Alere Laboratory where it was confirmed. On September 17, 2020, Defendant submitted a urine sample which tested positive for methamphetamine. Defendant admitted to using methamphetamine and signed an admission form stating such; and (4) After his positive drug test in June 2020, Defendant entered a 6-month inpatient treatment program at Soul's Harbor in

Dallas, TX. However, Defendant left the program after 3 weeks and continued to use methamphetamine as evidence by his positive drug test on September 17, 2020 [Dkt. 30 at 1-2, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegations 2 and 3 of the Petition. The Government dismissed allegations 1 and 4. Having considered the Petition and the plea of true to allegations 2 and 3, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkt. 46].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of thirteen (13) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in Seagoville, Texas, if appropriate.

**SIGNED this 3rd day of August, 2021.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE